**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IBUKUN OLOWA WASHINGTON,** | § | |
| **#1941101,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:16-CV-0218-M-BK** |
| | § | |
| **WILLIAMS STEPHENS, Director** | § | |
| **TDCJ-CID,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas

corpus under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge.

For the reasons that follow, it is recommended that the petition be summarily dismissed as barred

by the one-year statute of limitations.

## I. BACKGROUND

On June 11, 2014, Petitioner pled guilty to delivery of a controlled substance in a school

zone and was sentenced to five years' imprisonment.  *State v. Washington*, No. 29773 (196th

Judicial District Court, Hunt County, 2014); Doc. 3 at 2.  He did not directly appeal, and the

Texas Court of Criminal Appeals (TCCA) subsequently denied his state habeas application.  *Ex*

*Parte Washington*, No. WR-21,883-06 (Tex. Crim. App. June 24, 2015).[1]

---

[1]  Available online at http://www.search.txcourts.gov/Case.aspx?cn=WR-21,883-
06&coa=coscca.

On January 26, 2016, Petitioner filed this case, challenging the sufficiency of the evidence.[2]  He claims that (1) the sentence imposed was void, (2) he was denied counsel until he agreed to plead guilty, and (3) counsel thereafter rendered ineffective assistance.  Doc. 3 at 5-6. As his federal petition appeared untimely filed, the Court directed Petitioner to respond regarding the application of the one-year limitations period.  Doc. 6; Doc. 7.[3]

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*.  *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-329 (5th Cir. 1999).

Petitioner filed his federal petition well beyond the one-year limitations period.  *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").  Since he did not pursue a direct appeal, his conviction became final by July 11, 2014 -- thirty days after the June 11, 2014 judgment.  *See* Tex. R. App. P. 26.2(a)(1).  Thus, as of the filing of his state habeas application on May 11,

---

[2] The federal petition is deemed filed on January 14, 2016, the date on which Petitioner certifies signing and placing it in the prison mail system.  *See* Doc. 3 at 10; Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

[3] The dates listed in this recommendation were verified through information available on the state court Internet web pages and the electronic state habeas record obtained through the TCCA.

2015, 304 days of the one-year limitations period had elapsed.[4]  The state application remained pending until its denial on June 24, 2015, statutorily tolling the one-year limitations period.  28 U.S.C. § 2244(d)(2) (statutory tolling available during pendency of properly filed state application).  The one-year period resumed running the next day, on June 25, 2015, and expired 61 days later on August 25, 2015, long before the filing of the federal petition on January 14, 2016.

Additionally, subsections (B) through (D) of section 2244(d)(1) are inapplicable. Petitioner alleges no state-created impediment that prevented timely filing of his claims, does not base his claims on any new constitutional right, and the facts supporting his claims became or could have become known prior to the date on which his conviction became final. Consequently, the federal petition is clearly outside the one-year statute of limitations absent equitable tolling.

### *Equitable Tolling*

Petitioner does not request equitable tolling in his response regarding the limitations period.  Doc. 7 at 2-3.  Nevertheless, his filings, even when liberally construed in accordance with his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling.  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). Unexplained delays do not evince due diligence or rare and extraordinary circumstances.  *Fisher*

---

[4] The state application is deemed filed on May 11, 2015, the date on which Petitioner signed it and likely also handed it to prison officials for mailing.  *See Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (holding prison mailbox rule applies to state habeas application).

*v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief.").

Furthermore, this is not a case in which Petitioner pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). He asserts that he filed a prior federal petition challenging a related conviction, and claims he did not realize that he had not included Cause No. 29773 (the conviction presently at issue) in his prior federal and state petitions, thereby failing to exhaust his state remedies. Doc. 7 at 2. As Petitioner acknowledges, however, he was timely notified by the State's response to the prior federal petition of the deficiency, and subsequently filed a state habeas application as to Cause No. 29773, leaving two months remaining before the expiration of the one-year limitations period applicable here.[5] *Id.* Yet, even following the state court's denial, Petitioner did not promptly file this federal petition, instead waiting over six months to do so. This unexplained delay does not exemplify due diligence.

In addition, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (*per*

---

[5] *See Washington v. Stephens*, No. 3:15-CV-457-P-BN (N.D. Tex. Aug. 3, 2015) (dismissing federal petition as to related Cause No. 29772 for failure to exhaust state court remedies and explaining in FN 1 that a federal habeas petition as to Cause No. 29773 would be subject to dismissal on the same ground).

*curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See 28 U.S.C. § 2244(d)(1).*

**SIGNED** March 2, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE